^Judge Wood
delivered the opinion of the court:
No decision upon the subject is recollected by the court, and none are cited; and our decision aims merely to settle a question of practice, of frequent recurrence, the way the practice is settled being of very little consequence.
In the statute of 1831 (29 Ohio L. 179), sec. 52, it is provided that when the surety in recognizance shall be insufficient, or Ms testimony shall be required by the appellant, in “ appeals from justices of the peace, it shall be lawful for the court of common pleas, on motion, to order a renewal of such recognizance, and direct that the same be certified to the justice from whose judgment the appeal was taken, or to have it recorded in the common pleas.” This provision is limited in its application to appeals from justices of the peace to the common pleas. There is no similar provision applicable to cases brought by appeal from the common pleas into this court, and we think the plain inference is, that the legislature, in the latter class of cases, or the general assembly, did not intend to confer the like power upon this coux't.
Section 109 of the practice act, 29 Ohio L. 109, provides that the bond required to perfect an appeal from that court1 shall be approved by its clerk. It is his duty to judge of the sufficiency of the bond and of the security. This is a ministerial act of his, and this court has in the way no control over it. When the appeal bond is approved by the clerk and filed, the rights of the appellant and the obligations, of the appellee are fixed, and a majority of this court are of opinion such rights are beyond the power of this court, upon a mere question of expediency or convenience. A party should reflect upon the effect of his steps be-fox'e he takes them, and not the court to permit him to retrace them. This court is careful not to interfiere with the exercise of such duties, so clearly vested in the clerk and the party, in order to substitute its own discretion. 5 Ohio, 276; Wright’s S. C. 741.
It is said, however, that the law has been modified in this respect, by section 4 of the act of 1834, in f’ox'ce when this motion was made. 33 Ohio L. 55. We do not think this case within the scope of that act. Its language does not embrace the case. That *557 section was designed merely to limit the time of excepting to appeal bonds, defective in form or otherwise, and provided that the omission to except beyond the time specified should be hold a waiver of the right to object. The b.ond before *us is properly executed, and is made in due time and form. Had the general assembly intended to confer on this court power to permit a change of the appeal bond, it would have done so expressly; as its exercise is not essential to the fair administration of justice, the court is disinclined to take it by implication. The motion is overruled.